UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT TAMPLIN, JR., <br><br> Petitioner, <br><br> v. <br><br> K. BROWN, <br><br> Respondent. | 1:12-cv-01633-SKO-HC <br><br> ORDER REQUIRING PETITIONER TO SUBMIT WITHIN THIRTY (30) DAYS A SIGNED AND DATED DECLARATION CONCERNING THE PETITION (Doc. 1) <br><br> ORDER GRANTING PETITIONER LEAVE TO FILE A MOTION TO AMEND THE PETITION AND NAME A PROPER RESPONDENT NO LATER THAN THIRTY (30) DAYS AFTER THE DATE OF SERVICE OF THIS ORDER <br><br> ORDER TO PETITIONER TO SHOW CAUSE IN THIRTY (30) DAYS WHY THE PETITION SHOULD NOT BE DISMISSED FOR PETITIONER'S FAILURE TO EXHAUST STATE COURT REMEDIES |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 and 303. Pending before the Court is Petitioner's petition, which was filed in this Court on October 4, 2012.

I. Background

Petitioner is an inmate of the Salinas Valley State Prison

1

1  (SVSP) serving a sentence of forty-five years to life imposed in
2  the Fresno County Superior Court pursuant to a conviction
3  sustained on or about January 23, 2006, of being an ex-felon in
4  possession of a firearm with a gang enhancement.
5      Petitioner challenges his conviction.  In his 189-page
6  petition, Petitioner raises the following claims: 1) trial
7  counsel's failure to make motions constituted the ineffective
8  assistance of counsel in violation of Petitioner's rights under
9  the Sixth Amendment (pet., doc. 1, 5-10); 2) trial counsel's
10 failure to investigate and call defense witnesses constituted
11 ineffective assistance of counsel in violation of Petitioner's
12 rights under the Sixth Amendment (id. at 11-89); 3) appellate
13 counsel's failure to raise the denial of Petitioner's Faretta
14 motion constituted ineffective assistance of counsel (id. at 39-
15 130); 4) allowing a statement allegedly made by Petitioner into
16 evidence as an element of a gang enhancement constituted a
17 violation of Petitioner's protection against self-incrimination
18 under the Fifth Amendment and a Miranda violation because
19 Petitioner had not waived his rights (id. at 131-47); 5) trial
20 counsel's failure to prepare for evidentiary issues concerning
21 gang affiliation and to consult Petitioner concerning his defense
22 violated Petitioner's right under the Sixth Amendment to the
23 effective assistance of counsel (id. at 148-51); and 6) the trial
24 court's failure to bifurcate gang enhancement allegations and the
25 remainder of the trial constituted an abuse of discretion and a
26 violation of Petitioner's right to due process under the Fifth
27 Amendment (id. at 152-86).
28 ///

II. <u>Screening the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; <u>O'Bremski v. Maass</u>, 915 F.2d at 420 (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. <u>Hendricks v. Vasquez</u>, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; <u>see</u>, <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001). However, a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971).

3

III. <u>Failure to Sign and Date the Petition and to Verify the Contents of the Petition to Be True under Penalty of Perjury</u>

A review of the petition shows that Petitioner did not sign or date the petition. Further, the petition is not verified under penalty of perjury.

Local Rule 131 requires a document submitted to the Court for filing to include an original signature. In addition, Habeas Rule 2 requires a petition for writ of habeas corpus to "be signed under penalty of perjury by the petitioner."

In light of the difficulty in having Petitioner submit a new habeas corpus petition, Petitioner will be ordered to submit a separate document stating that he submitted the previously filed petition to the Court and verifying its contents to be true under penalty of perjury of the laws of the United States. Petitioner must sign the document under penalty of perjury; the document should contain an original signature. Petitioner must state the date on which he signed the document. Petitioner will be granted thirty (30) days from the date of service of this order to comply with the Court's directive.

Petitioner is forewarned that failure to comply with a Court order will result in dismissal of the petition pursuant to Local Rule 110.

IV. <u>Failure to Name a Proper Respondent</u>

Petitioner named as Respondent "K. Brown." (Pet. 1.) The official website of the California Department of Corrections and Rehabilitation (CDCR) reflects that the warden at SVSP, where

4

Petitioner is incarcerated, is Randy Grounds.[1]

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Habeas Rule 2(a); Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Generally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner and thus can produce the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  However, the chief officer in charge of state penal institutions, such as the Secretary of the CDCR, is also appropriate. Ortiz-Sandoval, 81 F.3d at 894; Stanley, 21 F.3d at 360.

Petitioner's failure to name a proper respondent may require dismissal of his habeas petition for a failure to name a person who can produce the petitioner in response to an order of the Court and thereby to secure personal jurisdiction. See, Smith v. Idaho, 392 F.3d 350, 355 n.3 (9th Cir. 2004).  This Court must ask sua sponte whether the respondent who is named has the power to order petitioner's release.  If not, the Court may not grant effective relief, and thus it should not hear the case unless the

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, including undisputed information posted on official websites.  Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). The address of the official website for the CDCR is http://www.cdcr.ca.gov.

petition is amended to name a respondent who can grant the desired relief.  Id.

The Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility.  See, In re Morris, 363 F.3d 891, 893-94 (9th Cir. 2004).  In the interest of judicial economy, Petitioner need not file an amended petition.  Instead, Petitioner may file a motion entitled "Motion to Amend the Petition to Name a Proper Respondent" in which Petitioner may name the proper respondent in this action.

Petitioner is forewarned that failure to amend the petition and state a proper respondent will result in dismissal of the petition for failure to follow an order of the Court pursuant to Local Rule 110, and for failure to name as respondent a person with the power to produce the petitioner.

### V. Exhaustion of State Court Remedies

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before

6

presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir.

7

2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982)), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. Raspberry, 448 F.3d at 1154.

Petitioner states that he appealed the judgment and filed a petition for review in the California Supreme Court. (Pet. 2.)

8

Petitioner also states that he filed a petition for writ of habeas corpus in the Fresno County Superior Court, in which he raised ineffective assistance of counsel, a <u>Miranda</u> violation, abuse of discretion, and sufficiency of the evidence. (<u>Id.</u> at 2-3.) However, Petitioner has not alleged that he raised in those proceedings all the issues that he seeks to raise in his petition here. Further, he does not allege that he has raised all his issues before the California Supreme Court. Petitioner does not specifically describe the proceedings in the state courts in which he exhausted his claims. Therefore, upon review of the instant petition for writ of habeas corpus, it appears that Petitioner has not presented all his claims to the California Supreme Court. If Petitioner has not presented all of his claims to the California Supreme Court, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). It is possible, however, that Petitioner has presented his claims to the California Supreme Court and simply neglected to inform this Court.

 Thus, Petitioner must inform the Court if his claims have been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court, along with a copy of any ruling made by the California Supreme Court. Without knowing what claims have been presented to the California Supreme Court, the Court is unable to proceed to the merits of the petition.

 Accordingly, Petitioner will be ordered to show cause why the petition should not be dismissed for Petitioner's failure to exhaust state remedies. Petitioner will be ordered to inform the

Court what claims have been presented to the California Supreme Court within thirty (30) days.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110.

VI. Disposition

Accordingly, it is ORDERED that:

1) Petitioner shall SUBMIT no later than thirty (30) days after the date of service of this order a signed and dated, separate document stating that he submitted the habeas corpus petition to the Court and verifying its contents to be true under penalty of perjury of the laws of the United States; and

2) Petitioner is GRANTED thirty (30) days from the date of service of this order in which to file a motion to amend the instant petition and name a proper respondent; and

3) Petitioner is ORDERED to show cause why the petition should not be dismissed for Petitioner's failure to exhaust state remedies. Petitioner is ORDERED to inform the Court what claims have been presented to the California Supreme Court within thirty (30) days of the date of service of this order.

IT IS SO ORDERED.

**Dated:   October 21, 2012**                    /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE