UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DWIGHT TAMPLIN, JR., | ) | 1:12-cv—01633-AWI-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER DIRECTING PETITIONER TO |
| | ) | FILE A SIGNED AND DATED |
| | ) | VERIFICATION OF THE PETITION NO |
| v. | ) | LATER THAN THIRTY (30) DAYS AFTER |
| | ) | THE DATE OF SERVICE OF THIS ORDER |
| RANDY GROUNDS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303. Pending before the Court is Petitioner's declaration, which was filed on November 15, 2012, in an apparent attempt to comply with the Court's order of October 22, 2012, directing Petitioner to submit a separate verification and signature of the petition.

I. Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make

1

a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

　　II.   Lack of a Verification

　　A review of the declaration shows that it does not comply

formally with requirements of 28 U.S.C. § 1746.[1]

Title 28 U.S.C. § 2242 provides in pertinent part:

> Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf.

Likewise, Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) expressly requires that the petition "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Habeas Rule 2(c)(5).

If a petition is insufficient, the rules direct the Clerk to

---

[1] Title 28 U.S.C. § 1746 provides:

Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

(1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).

(Signature)".

(2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).

(Signature)".

3

1  file the petition, and the Court may then require the petitioner
2  to submit a corrected petition that conforms to Rule 2(c).
3  Habeas Rule 3(b); Habeas Rule 2, Advisory Committee Comment, 2004
4  Amendments.

5  Petitioner will be given one more opportunity to submit a
6  declaration in the proper form stating that the matters alleged
7  in the petition for writ of habeas corpus are true.  Petitioner
8  must date his declaration and sign the document under penalty of
9  perjury in the form set forth in § 1746; the document should
10 contain an original signature.  Petitioner will be granted thirty
11 (30) from the date of service of this order to comply with the
12 Court's directive.  Further screening of the petition will be
13 suspended pending receipt of the verification.

14 Petitioner is forewarned that failure to comply with a Court
15 order will result in dismissal of the petition pursuant to Local
16 Rule 110.

17 Accordingly, it is ORDERED that:

18 1) Petitioner is GRANTED thirty (30) days from the date of
19 service of this order in which to file a signed verification of
20 the petition in compliance with this order.

22 IT IS SO ORDERED.

23 **Dated:   November 20, 2012**             /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE

4