**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DWIGHT TAMPLIN, JR.,<br><br>   Petitioner,<br><br>   v.<br><br>RANDY GROUNDS,<br><br>   Respondent. | Case No. 1:12-cv-01633-AWI-SKO-HC<br><br>ORDER GRANTING PETITIONER'S MOTION FOR THE APPOINTMENT OF COUNSEL AND APPOINTING THE FEDERAL DEFENDER TO REPRESENT PETITIONER (DOCS. 30, 40)<br><br>ORDER VACATING THE DEADLINE FOR THE FILING OF PETITIONER'S TRAVERSE (DOC. 42)<br><br>ORDER DEFERRING CONSIDERATION OF PETITIONER'S MOTION FOR LEAVE TO AMEND (DOC. 35)<br><br>ORDER DIRECTING THE FILING OF A JOINT SCHEDULING STATEMENT WITHIN FORTY-FIVE (45) DAYS |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303. Pending before the Court are Petitioner's motions for appointment of counsel (doc. 30, filed on May 8, 2013, and doc. 40, filed on August 22, 2013), and Petitioner's motion regarding amendment of grounds for his petition (doc. 35, filed June 24, 2013).

1

I. <u>Background</u>

In the petition filed on October 4, 2012, Petitioner challenges his conviction of being an ex-felon in possession of a firearm with a gang enhancement, which he sustained on or about January 23, 2006, in the Superior Court of the State of California, County of Fresno, and pursuant to which he is serving a sentence of forty-five years to life. In his 189-page petition, Petitioner raises many claims, some of which in turn have sub-claims, such as his numbered claims concerning the allegedly ineffective assistance of counsel. His claims or groups of claims raised may be very generally summarized as follows: 1) trial counsel's failure to make motions constituted the ineffective assistance of counsel in violation of Petitioner's rights under the Sixth Amendment (pet., doc. 1, 5-10); 2) trial counsel's failure to investigate and call defense witnesses constituted ineffective assistance of counsel in violation of Petitioner's rights under the Sixth Amendment (<u>id.</u> at 11-89); 3) appellate counsel's failure to raise the denial of Petitioner's <u>Faretta</u> motion constituted ineffective assistance of counsel (<u>id.</u> at 90-130, also 39-90); 4) allowing a statement allegedly made by Petitioner into evidence as an element of a gang enhancement constituted a violation of Petitioner's protection against self-incrimination under the Fifth Amendment and a <u>Miranda</u> violation because Petitioner had not waived his rights (<u>id.</u> at 131-47); 5) trial counsel's failure to prepare for evidentiary issues concerning gang affiliation and to consult Petitioner concerning his defense violated Petitioner's right under the Sixth Amendment to the effective assistance of counsel (<u>id.</u> at 148-51); and 6) the trial court's failure to bifurcate gang enhancement allegations and the

remainder of the trial constituted an abuse of discretion and a violation of Petitioner's right to due process under the Fifth Amendment (id. at 152-86).

On April 30, 2013, Respondent filed an answer and a first amended answer (FAA) in which Respondent appears to have addressed at least some of Petitioner's first and second contentions as listed above, but which was devoid of any response to Petitioner's remaining contentions. (FAA, doc. 29, 2.)

On May 8, 2013, Petitioner moved for the appointment of counsel; however, Petitioner's motion lacked a signature. (Doc. 30.) Pursuant to the Court's order, Petitioner filed a declaration and signed statement concerning the motion on May 30, 2013. (Doc. 34.) [1]

On June 24, 2013, Petitioner filed a document entitled "NOTICE OF CORRECTION AND ASK THE COURT TO AMEND NAMED GROUNDS." (Doc. 35.) In this document, Petitioner requests that the Court take notice that he had "more grounds," asks the Court to correct the error, refers to various claims in the petition, and submits materials concerning the denial of his Faretta motion as an independent ground or claim. (Doc. 35, 1-2.) Petitioner also indicates that the grounds are already before the Court. (Id.)

On August 22, 2013, Petitioner filed another request for appointment of counsel on his original grounds of limited training

---

[1] Petitioner previously moved for the appointment of counsel on the ground that his petition stated a prima facie case, he was legally untrained and had what he generally described as limited law library access, and Respondent had the benefit of counsel. (Doc. 5.) The motion was denied on the ground that at that time, the Court did not find that the interests of justice required the appointment of counsel. (Doc. 6.)

3

and law library access and his petition's stating a prima facie case. (Doc. 40.)

II. <u>Petitioner's Motion for the Appointment of Counsel</u>

In his motion filed on May 8, 2013, Petitioner moved for counsel on the ground that he was "under the American with Disability Act." (Doc. 30, 1.) He submitted documentation, including a letter written by Petitioner with the assistance of CCI J. Jackson, pursuant to two court-ordered remedial plans providing assistance to an inmate claiming a disability and requesting accommodation under the Americans with Disabilities Act (ADA). (<u>Id.</u> at 2.) The letter states that Petitioner might be unable effectively to communicate with the Court or fully to prosecute this action due to his claimed disability. Petitioner states he has an unspecified formal diagnosis, accompanied by symptoms of hearing voices and racing thoughts, as well as deep depression resulting in inactivity and an inability to concentrate and think. (<u>Id.</u>) Petitioner states he is a participant in the Mental Health Delivery Services System and is prescribed medications for his illness, including Risperdal, and Prozac and Zoloft for "anti-psychotic behavior." (<u>Id.</u>) In the letter, Petitioner seeks an accommodation in the form of the assistance of counsel in this proceeding. (<u>Id.</u>) Petitioner later submitted a declaration verifying as true under penalty of perjury the contents of the motion, which was initially submitted without a signature. (Doc. 34.)

Petitioner attaches a statewide psychotropic medication consent form dated April 29, 2013, indicating his consent after consultation to administration of Risperdal, Zoloft, and Remeron, which are described as atypical antipsychotics used to treat symptoms of

psychosis, confused thinking, and manic episodes or mood swings, as well as serotonin reuptake inhibitor and serotonin noepinephrine antidepressants used to treat depression and associated symptoms. (Id. at 4-5.)

Petitioner attaches more temporally remote medication consent forms for Abilify for his mental health in 2009 (id. at 6) and Remeron and Risperdal in 2010, as well as physician's orders from the California State Prison in Sacramento in March 2010 to administer Risperdal and renew Abilify, Remeron, and Cogentin. (Id. at 7-10.) He submits a chronological interdisciplinary progress note from a psychologist in December 2008 indicating he was suffering suicidal ideations and depression with a history of schizoaffective disorder, and he was followed with suicide precautions and psychotropic medications. (Id. at 13.)

Respondent has not submitted any opposition to Petitioner's motion. In the absence of any evidence to conflict with Petitioner's allegations, which are supported by appropriate documentation, the Court accepts as true Petitioner's allegations that he hears voices, has racing thoughts, and suffers deep depression resulting in inactivity and an inability to concentrate and think. Further, Petitioner has recently been prescribed medications, including atypical antipsychotics used to treat symptoms of psychosis, confused thinking, and manic episodes or mood swings, and serotonin reuptake inhibitor and serotonin noepinephrine antidepressants used to treat depression and associated symptoms. He has further documented a historical diagnosis of schizoaffective disorder.

5

There currently exists no absolute right to the appointment of counsel in non-capital, federal habeas corpus proceedings. McFarland v. Scott, 512 U.S. 849, 857 n.3 (1994); Miranda v. Castro, 292 F.3d 1063, 1067 (9th Cir. 2002); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958), cert. denied, 358 U.S. 889 (1958). The Sixth Amendment right to counsel does not apply in habeas corpus actions, which are civil in nature. Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir.1986); Anderson, 258 F.2d at 481.

However, a Magistrate Judge may appoint counsel at any stage of a habeas corpus proceeding if the interests of justice require it. 18 U.S.C. § 3006A; Rule 8(c) of the Rules Governing Section 2254 Cases. A district court evaluates the likelihood of a petitioner's success on the merits and the ability of a petitioner to articulate his claims pro se in light of the complexity of the of the legal issues involved. Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Here, although it appears that Petitioner has been able to read the orders and pleadings filed in this action, Petitioner has required extra time to comply with the requirements and directions of the Court. Further, the petition presents numerous, complex claims. In light of Petitioner's showing regarding his mental condition, the Court finds that the interests of justice would be served by the appointment of counsel at the present time.

Accordingly, the Court will order that counsel be appointed to represent Petitioner.

III.  Petitioner's Motion regarding Amending Grounds

The title of Petitioner's motion suggests that Petitioner seeks to amend the grounds set forth in his petition.

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. <u>Landis v. North American Co.</u>, 299 U.S. 248, 254-255 (1936); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992). Because counsel will be appointed for Petitioner, the Court exercises its discretion to defer consideration of Petitioner's motion until after counsel has been appointed and has had an opportunity to review the motion as well as all the pleadings filed in the action and to determine whether to pursue the motion.

IV.  <u>Additional Case Management Considerations</u>

The Court notes that the Respondent's answer is not responsive to some of the issues raised in the petition. However, in view of the fact that counsel will be appointed for Petitioner, counsel may desire to attempt to amend the petition. Thus, consideration of the adequacy of the answer is premature. When the parties have filed a joint scheduling statement indicating what pleadings or motions will be required, the Court will proceed to schedule deadlines for the filing of supplemental or additional pleadings and motions.

The due date of October 21, 2013, for Petitioner's filing of a traverse, will be vacated.

V.  <u>Disposition</u>

Accordingly, it is ORDERED that:

1) Petitioner's motion for the appointment of counsel is GRANTED; and

2) The Federal Defender is APPOINTED to represent Petitioner; and

3) The Clerk is DIRECTED to serve a copy of Petitioner's habeas corpus petition and a copy of this Order on the Office of the

7

Federal Defender, and a copy of this order on Assistant Federal Defendant David Porter and his assistant by direct, electronic service to them at david_porter@fd.org and erin_mckenna@fd.org; and

4) Petitioner's counsel shall CONTACT the Clerk's Office to make arrangements for copies of other documents in the file; and

5) Petitioner's counsel is INFORMED that any and all requests for fees or costs must be made in advance of counsel's incurring or contracting for them; and

6) The present deadline for filing the traverse is VACATED; and

7) Within forty-five (45) days of the date of service of this order, the parties shall FILE a joint scheduling statement which addresses the timing and order of the following matters:

    a) The number of days Petitioner's counsel estimates it will take to file either:

        i) A statement indicating that Petitioner will stand on the existing petition, or

        ii) An amended petition;

    b) Possible future amendments to the pleadings; and

    c) Anticipated motions, including counsel's determination of whether or not to proceed with Petitioner's motion for leave to amend the petition (doc. 35).

Counsel are REMINDED of the importance of timely filing a joint scheduling statement. Failure to do so may result in sanctions.

IT IS SO ORDERED.

Dated: **October 2, 2013**          **/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE