UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DWIGHT TAMPLIN, Jr.,

          Petitioner,

   v.

WILLIAM MUNIZ,

          Respondent.

No. 1:12-cv-01633-AWI-SKO (HC)

**ORDER**

Petitioner, Dwight Tamplin, Jr., is a state prisoner proceeding through counsel with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed his petition for writ of habeas corpus on October 4, 2012, alleging five grounds for habeas relief: (1) denial of his Sixth Amendment right to self-representation, pursuant to *Faretta v. California*, 422 U.S. 806 (1975); (2) ineffective assistance of trial counsel; (3) admission of Petitioner's post-arrest "gang statement" in violation of due process and Fifth Amendment rights; (4) ineffective assistance of appellate counsel; and (5) refusal to bifurcate gang allegations.

On Marcy 17, 2016, the Magistrate Judge filed findings and recommendations in which she recommended that the Court deny the petition, enter judgment for Respondent, and decline to issue a certificate of appealability. On March 30, 2016, Petitioner filed objections to the findings and

recommendations.  After reviewing the record *de novo* and considering Petitioner's objections, the Court declined to modify the findings and recommendations and adopted them in full on May 2, 2016.

On July 6, 2018, the United States Court of Appeals for the Ninth Circuit reversed the denial of the habeas petition, finding "[t]he state habeas court's conclusion that [Petitioner] waived his Sixth Amendment right [to counsel] by not continuing to object after [a] public defender [ ] was re-appointed was clearly contrary to *Faretta*." *Tamplin v. Muniz*, 894 F.3d 1076, 1086 (9th Cir. 2018). Further, the Court determined appellate counsel's performance was constitutionally deficient and prejudiced Petitioner, denying Petitioner his Fourteenth Amendment right to effective assistance of appellate counsel.  *Id*.  Based on these findings, the Ninth Circuit remanded the matter to this Court with instructions to grant the petition for writ of habeas corpus.  Mandate has been issued.

In accordance with the foregoing, IT IS HEREBY ORDERED that:

1. Petitioner's application for writ of habeas corpus is granted; and

2.  Respondent shall release Petitioner from custody within ninety days from the date of this order, unless Petitioner has been arraigned and a new trial date set.

IT IS SO ORDERED.

Dated: __ October 5, 2018 __  _____

SENIOR  DISTRICT  JUDGE