UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT TAMPLIN, JR., | No. 1:12-cv-01633-AWI-SKO (HC) |
| Petitioner, | **FINDINGS AND RECOMMENDATION TO DENY MOTION FOR ORDER DISMISSING STATE COURT ACTION WITH PREJUDICE, OR IN THE ALTERNATIVE, SCHEDULE AN EVIDENTIARY HEARING** |
| v. | |
| WILLIAM MUNIZ, | **[Docs. 84, 85]** |
| Respondent. | **[TWENTY-ONE DAY OBJECTION DEADLINE]** |

Petitioner filed a habeas petition on October 4, 2012, challenging his 2007 conviction in Fresno County Superior Court of possession of a firearm by a felon. On October 5, 2018, the Court issued an order granting the petition with instructions that Petitioner be released from custody within ninety days unless he was arraigned and a new trial date set.

Pending before the Court are Petitioner's two motions to dismiss the state court action, filed on December 23 and 27, 2019, respectively. (Docs. 84, 85.) Petitioner contends that the state court has failed to abide by the Court's instructions and requests dismissal of all charges, or in the alternative, that the Court schedule an evidentiary hearing on his complaints. The Court finds that the state court has complied with the Court's order of October 5, 2018. As to Petitioner's complaints concerning violations of his rights in the state court hearing, the Court

finds that it must abstain from interfering in ongoing state court proceedings, insofar as Petitioner has avenues of relief available to him in the state courts.

**DISCUSSION**

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. V. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. Dubinka, 23 F.3d at 223 (even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending).

The law of habeas corpus also provides guidance on when a district court should abstain from review of a claim. To be granted federal habeas corpus relief, the petition must have exhausted his available state remedies. 28 U.S.C. § 2254(b). The rule of exhaustion is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991). The exhaustion requirement can be satisfied by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971).

As previously stated, the District Court issued the order granting the petition on October 5, 2018. (Doc. 82.) The Court's order instructed Respondent to release Petitioner unless he was arraigned and a new trial date was set within ninety days. Petitioner has submitted a copy of a minute order from the Fresno County Superior Court reflecting that Petitioner was re-arraigned on the charges on December 17, 2018, and a new trial date was set for January 31, 2019. (Doc. 85 at 6-7.) Thus, the Court's order was satisfied.

1    Petitioner contends that he was not present during the re-arraignment hearing despite the

2    fact that the minute order reflects that he was present.  This issue and the question whether

3    Petitioner's rights were violated are matters that must first be addressed by the state courts.  State

4    court proceedings are ongoing, and California has an important interest in passing upon and

5    correcting violations of a defendant's rights.  Roberts v. Dicarlo, 296 F.Supp.2d 1182, 1185 (C.D.

6    Cal. 2002) (citing Koerner v. Grigas, 328 F.3d 1039, 1046 (9th Cir. 2003).  In addition, the

7    Fresno County Superior Court, the California Court of Appeals, and the California Supreme

8    Court are adequate forums for Petitioner to seek relief for his claims prior to seeking relief in the

9    Federal Court.  Roberts, 296 F.Supp.2d at 1185.  Therefore, the Court recommends Petitioner's

10   motion be denied and the Court abstain from interfering in state proceedings.

**RECOMMENDATION**

12       Based on the foregoing, the Court HEREBY RECOMMENDS that Petitioner's motions

13   be DENIED.

14       This Findings and Recommendation is submitted to the United States District Court Judge

15   assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304

16   of the Local Rules of Practice for the United States District Court, Eastern District of California.

17   Within twenty-one (21) days after being served with a copy, any party may file written objections

18   with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

19   and Recommendation."  Any reply to objections may be filed within ten (10) days of the date of

20   service of objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28

21   U.S.C. § 636 (b)(1)(C).  Failure to file objections within the specified time may waive the right to

22   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23

24   IT IS SO ORDERED.

25   Dated:   **January 2, 2020**                    /s/ *Sheila K. Oberto*

26                                                          UNITED STATES MAGISTRATE JUDGE

27

28